IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAY HILL | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-0146-G |
| | § | |
| INTERNAL REVENUE SERVICE | § | |
| | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This *pro se* civil action has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

Petitioner Ray Hill, a Texas prisoner, seeks a writ of mandamus against the Internal Revenue Service ("IRS") to obtain certain records pertaining to the Mexican-American Legal Defense and Education Fund ("MALDEF"). On January 30, 2008, petitioner tendered a one-page complaint to the district clerk. However, he did not pay the statutory filing fee or seek leave to proceed *in forma pauperis*. Petitioner subsequently filed a motion to proceed *in forma pauperis* and provided the court with a certified copy of his inmate trust fund account statement as required by 28 U.S.C. § 1915(a)(2).[1] After reviewing the pleadings, the court determines that petitioner should not be

---

[1] Section 1915(a)(2) provides, in pertinent part:

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the

allowed to proceed *in forma pauperis* because he has filed at least three prior civil actions or appeals while incarcerated that were dismissed as frivolous, and he is not "under imminent danger of serious physical injury."

II.

A prisoner may not proceed *in forma pauperis* if, while incarcerated or detained in any facility, he has filed three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. *See* 28 U.S.C. § 1915(g). This prohibition applies to suits dismissed on any of those grounds prior to the effective date of the Prison Litigation Reform Act. *See Adepegba v. Hammons*, 103 F.3d 383, 386 (5th Cir. 1996). The only exception is for cases where the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Petitioner was allowed to proceed *in forma pauperis* in multiple federal lawsuits and appeals filed while he was incarcerated.[2] At least two of those cases were dismissed as frivolous at the district court level. *Bailey v. Nicholas & Barrera Law Firm*, No. SA-93-CA-707-OG (W.D. Tex. Apr. 19, 1994); *Bailey v. M.A.L.D.E.F., Inc. of Texas*, No. 4-93-CV-0768 (S.D. Tex. Aug. 17, 1994). In addition, two appeals filed by petitioner were dismissed as frivolous by the Fifth Circuit. *Bailey v. Nicholas & Barrera Law Firm*, 47 F.3d 424 (Table), 1995 WL 71034 (5th Cir. Jan. 24, 1995); *Bailey v. M.A.L.D.E.F. of Texas, Inc.*, 51 F.3d 1042 (Table), 1995 WL 152866 (5th Cir. Mar. 21, 1995). Petitioner does not allege any facts in his complaint which suggest that he is under imminent

---

> prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2).

[2] These cases were filed by petitioner using the name "Reginald I. Bailey." In various pleadings filed in the instant case, petitioner acknowledges that he and "Reginald I. Bailey" are the same person.

danger of serious physical injury. Consequently, petitioner cannot prosecute this action unless he pays the statutory filing fee.

## **RECOMMENDATION**

Petitioner's motion to proceed *in forma pauperis* [Doc. #5] should be denied. Petitioner should be ordered to pay the $350.00 statutory filing fee within 20 days after this recommendation is adopted by the district judge. If he fails to do so, this case should be dismissed without further notice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 26, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE